**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID EUGENE KINGSLEY, | : | CIVIL ACTION NO. 1:07-CV-1064 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| | : | |
| Defendant | : | |
| | : | |
| | : | |
| | : | |

## <u>ORDER</u>

AND NOW, this 27th day of May 2008, upon consideration of the report of the magistrate judge (Doc. 12), to which objections were filed, recommending that plaintiff's social security appeal be denied, and, following an independent review of the record, it appearing that the administrative law judge ("ALJ") properly accorded substantial credibility to plaintiff's work history,[1] see <u>Reider v. Apfel</u>, 115 F. Supp. 2d 496, 505 (M.D. Pa. 2000) (citing <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 409 (3d Cir. 1979)) (stating that "[w]hen a claimant has worked for a long period of time, his testimony about his work capabilities should be accorded substantial credibility"), and that the ALJ properly addressed the opinions of the treating physicians, see <u>Plummer v. Apfel</u>, 186 F.3d 422, 429 (3d Cir. 1999) (stating that "an ALJ may reject a treating physician's opinion . . . on the basis of contradictory medical evidence"), it is

---

[1] The ALJ found plaintiff's testimony regarding his ability to work after March 1, 2006 credible, but did not find plaintiff's testimony entirely credible regarding his ability to work before that date. (Doc. 7 at 20-22.)

hereby ORDERED that:

1.      The report and recommendation of the magistrate judge (Doc. 12) is ADOPTED.

2.      Plaintiff's appeal from the decision of the Commissioner of Social Security (Doc. 1) is DENIED.

3.      The Clerk of Court is directed to CLOSE this case.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge